UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL MORGENSTERN** | : | **CASE NO. 2:20-CV-00754** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **P N K (LAKE CHARLES) L L C ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Pursuant to the power of the court to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases, it is the undersigned's **RECOMMENDATION**, issued *sua sponte*, that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and failure to follow the rules and orders of this court.

The complaint in this matter was filed nearly three years ago, on June 15, 2020, against defendant PNK Lake Charles LLC ("PNK"), owner of a local casino, and fictitious defendants "Doe Law Enforcement Department/Agency/Offices 1-3" and "John Does 1-3," employees of the unnamed law enforcement defendants. Doc. 1. The complaint alleges that defendants refused to allow plaintiff to enter the casino owned by defendant PNK, causing him personal injury and other damages in the process. *Id*. Defendant PNK filed an Answer and a Supplemental and Amending Answer on August 6, 2020, and September 3, 2020, respectively. Docs. 3, 9. Since those filings, there has been no docketed activity in this matter and no attempt by plaintiff to name or serve the Doe defendants.

The court held a telephone scheduling conference in this matter on April 6, 2023. Doc. 11. Counsel for defendant PNK called in as instructed, but neither plaintiff nor plaintiff's counsel

called in to the conference. *Id.* At that time, the court reset the scheduling conference for June 1, 2023, and the court advised the plaintiff that "***Plaintiff is warned that failure to participate in the next scheduled conference will result a recommendation to the district court that this matter be dismissed for failure to prosecute***." *Id.* (emphasis original). On June 1, 2023, neither plaintiff nor plaintiffs' counsel called in for the conference. Doc. 12. On June 1, 2023, the court also issued a notice of intent to dismiss the Doe defendants for failure to effect service within 90 days. Doc. 12.

Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021)(discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

For these reasons, we **RECOMMEND** to the district court that it exercise its sanctioning authority and that this matter be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

 THUS DONE AND SIGNED in Chambers this 1st day of June, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE